# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID B. WILLIAMS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 17-244-RAW-KEW |
| | ) |
| **JOE M. ALLBAUGH, DOC Director,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus. Petitioner, a pro se prisoner in the custody of the Oklahoma Department of Corrections ("DOC") who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, is attacking the execution of his sentence pursuant to 28 U.S.C. § 2241. The Court has before it for consideration the petition (Dkt. 1), Respondent's motion (Dkt. 7), and Petitioner's response (Dkt. 8). Petitioner has raised four grounds for relief:

> Ground I: Petitioner was granted parole on July 23, 2008. He, however, was not notified of the parole decision or that his parole was revoked without a due process hearing or adequate notice. In addition, Petitioner's classification assignment was changed to maximum security.
>
> Ground II: DOC officials failed to correct the consequences of sanctions against Petitioner after dismissal of a misconduct written on September 2, 2015. Officials later failed to restore him to medium security and continued to hold him in maximum security, which resulted in the denial of parole reviews.
>
> Ground III: Petitioner is considered a "management problem," which is a vague and inconsistent label used to retaliate against him and to deprive him of parole reviews by maintaining his maximum security classification without meaningful review.
>
> Ground IV: The State failed to release Petitioner on parole in 2008. Once he discharged his 25-year sentence, the Pardon and Parole Board should have determined how long he would have to serve on his concurrent 60-year sentence before being considered for parole. An ex post facto violation occurred.

(Dkt. 1 at 4-6).

**Statute of Limitations**

Respondent has filed a motion to dismiss, alleging in part that the petition is barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d). Petitioner does not dispute that his claims are time-barred. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitation period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Petitioner's first ground for habeas relief is based on the allegation that he was granted parole that later was revoked without a due process hearing or adequate notice of the parole or revocation. He has submitted a copy of his Certificate of Parole dated July 23, 2008, which has a handwritten notation of "Deny. BA 7/23/08." (Dkt. 1 at 14). There is no other documentation regarding the alleged revocation.

Respondent asserts the deadline for challenging the parole denial was July 23, 2009,

one year after parole was granted. This petition, however, was not filed until June 26, 2017. Petitioner has the burden of demonstrating due diligence that would toll the statute of limitations. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001). Because Petitioner does not contest Respondent's claim that this habeas claim is time-barred, and he has not demonstrated due diligence which would justify tolling, the Court finds the claim is time-barred.

Petitioner's second habeas ground concerns the adverse consequences arising from a dismissed misconduct. He complains he was convicted of a misconduct written on September 2, 2015, and his punishment included an increase in his security level from medium to maximum. After the misconduct was dismissed on appeal, DOC officials failed to restore him to medium security and continued to hold him in maximum security, which resulted in the denial of parole reviews.

Petitioner has submitted a Facility Assignment Form dated August 31, 2015, recommending maximum security. The form indicates he was transferred for failure to cuff up and for his statement that he would seek revenge on an officer unless the officer dropped a misconduct. Petitioner also had "hog-tied" his cellmate and stuffed him under the bed. (Dkt. 1 at 8).

Respondent asserts the date of August 31, 2015, on the document is likely incorrect, because the description of the reason for transfer contains the statement, "9/2/2015 he 'hog tied' his cellmate up & stuffed him under the bed." In addition, the document was signed by the warden on September 4, 2015, with a date of transfer to be September 10, 2015. According to Petitioner's Consolidated Record Card, his actual date of transfer from James Crabtree Correctional Center to the maximum security unit at Davis Correctional Facility was September 11, 2015. (Dkt. 7-1 at 3). On September 25, 2015, Petitioner was found not

3

guilty of the September 2, 2015, misconduct. (Dkt. 1 at 13). Therefore, the factual predicate arose on September 25, 2015, and the habeas petition had to be filed by September 25, 2016. This habeas claim also is untimely.

Petitioner alleges in his third ground for relief that he has been labeled a "management problem," which is a vague and inconsistent designation used to retaliate against him and to maintain his maximum security classification without meaningful review. Although Respondent has not responded to this claim, the Court finds the claim cannot be addressed as a federal habeas corpus matter.

To state a claim for relief under 28 U.S.C. § 2241, a prisoner must challenge the execution of his sentence as it affects the fact or duration of confinement. *E.g., McIntosh v. United States Parole Comm'n.*, 115 F.3d 809, 812 (10th Cir. 1997) (section 2241 used to attack execution of sentence). A 2241 petition may not be used to challenge a prisoner's placement in maximum security instead of medium security. "A request for 'a change in the place of confinement is properly construed as a challenge to the conditions of confinement' that must be brought in a civil rights action." *Woodson v. Allbaugh*, No. CIV-17-365-R, 2017 WL 3058564, at *1 (W.D. Okla. April 11, 2017) (quoting *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012)) (unpublished report and recommendation), *adopted by district court*, 2017 WL 3037579 (July 18, 2017). Therefore, Ground III of the petition must be dismissed without prejudice.

Finally, petitioner alleges in his fourth ground for relief that the State failed to release him in 2008. He maintains that once he discharged his 25-year sentence, the Pardon and Parole Board should have determined how long he would have to serve on his concurrent 60-year sentence before being considered for parole. Petitioner also asserts an ex post facto violation has occurred.

4

According to Petitioner's Oklahoma Department of Corrections online offender record, his 25-year sentence in Oklahoma County District Court Case No. 93-4630 began on June 14, 1995, and was discharged on October 1, 2014. (Dkt. 1 at 7). His concurrent 60-year sentence in the same case also began on June 14, 1995. *Id.* The Court, therefore, finds the factual predicate of this claim could have been discovered on October 1, 2014, when the 25-year sentence was discharged. This claim also is time-barred.

**Failure to Exhaust State Remedies**

Respondent further alleges Petitioner has failed to exhaust the state remedies for his claims. Petitioner admits he has not presented his habeas claims through all the available appeals, but he asserts such attempts at exhaustion would be futile. (Dkt. 1 at 6; Dkt. 8). After careful review, the Court finds the issue of exhaustion is moot, because Petitioner's claims are either barred by the statute of limitations or are not appropriate for a habeas corpus action.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability cannot be issued.

 **ACCORDINGLY:**

1.  Ground III of the petition is DISMISSED WITHOUT PREJUDICE.
2  All remaining habeas corpus claims are DISMISSED WITH PREJUDICE as barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d).

5

3. Petitioner's motion for entry of judgment (Dkt. 9) is DENIED.

4. Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 21st day of March 2018.

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma